765 F.2d 144
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BERT A. BILLINGS, PLAINTIFF-APPELLEE,
v.
RALPH SMITH, DEFENDANT-APPELLANT.
 NO. 84-3453, 84-3641
 United States Court of Appeals, Sixth Circuit.
 5/2/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: MERRITT, KENNEDY and WELLFORD, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 In this civil rights case against a prison hospital administrator, the defendant, Ralph Smith, appeals the District Court's judgment that he violated plaintiff's constitutional rights under the Eighth and Fourteenth Amendments and 42 U.S.C. Sec. 1983 by showing deliberate indifference to plaintiff's serious medical needs.
 
 I.
 
 2
 On August 16, 1980, Bert Billings, plaintiff, then an inmate at Marion Correctional Institute, accidently fractured his right cheekbone. He was promptly treated and released from the Marion infirmary. The next day plaintiff was admitted to the infirmary after complaining of severe pain. Dr. Harjit Bharmota, a physician under contract to Marion, examined plaintiff on the following day and found a contusion and swelling on plaintiff's face. Several days later, Dr. Bharmota again examined plaintiff. At this examination, Dr. Bharmota suspected a fracture and ordered x-rays.
 
 
 3
 On August 29, 1980, Dr. Bharmota examined the x-rays and detected a fracture. He filled out a 'consultation form' directing defendant, Smith, as prison hospital administrator, to make an appointment for plaintiff with Dr. Louis LaCourt, a dentist specializing in oral surgery. On the consultation form a box was marked indicating that this was a routine referral, not an emergency. It is unknown who checked the 'routine' box on this particular form.
 
 
 4
 On either August 29 or September 1, 1980, defendant made an appointment for plaintiff with Dr. LaCourt. Defendant did not inform Dr. LaCourt's secretary (or nurse) that plaintiff's injury occurred two and one-half weeks prior to the call. There is some dispute as to whether defendant accurately communicated to Dr. LaCourt's secretary that plaintiff was suffering from a fracture. Defendant testified that he read the following notation from the consultation form to Dr. LaCourt's secretary:
 
 
 5
 By x-ray patient has fractured a mid-portion of the right zygoma arch with inward displacement of the fractured fragment. Please evaluate and treat or advice. Thank you.
 
 
 6
 JA at 324. Dr. LaCourt's office scheduled plaintiff's appointment for September 12, 1980.
 
 
 7
 Plaintiff's fracture was painful and left untreated might not have healed properly. By the time plaintiff saw Dr. LaCourt, his fracture required surgery.
 
 
 8
 The District Court held that defendant showed deliberate indifference to plaintiff's serious medical needs 'in not insisting that the plaintiff have an earlier date [of examination] in view of plaintiff's medical record.' (JA at 17) Additionally, the District Court found that defendant showed deliberate indifference by not informing Dr. LaCourt's secretary that the fracture occurred two and one-half weeks prior to the call. According to the District Court, defendant did not convey to Dr. LaCourt's secretary with sufficient clarity the nature of plaintiff's injury.
 
 
 9
 The District Court awarded plaintiff $4,200 in damages and $13,081.25 in attorney's fees. Defendant appeals the District Court's judgment regarding both these awards.
 
 II.
 
 10
 A plaintiff's constitutional rights under the Eighth and Fourteenth Amendments are violated by prison officials or employees when they are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). A prison official or employee is deliberately indifferent to a prisoner's serious medical needs when he unnecessarily and wantonly inflicts pain upon the prisoner, or wantonly denies or delays treatment. Id. at 104-05.
 
 
 11
 In this case, the District Court erred in finding that defendant acted with deliberate indifference to plaintiff's serious medical needs. To show deliberate indifference, defendant's act must be wanton, not simply negligent. Arguably, defendant acted negligently in not scheduling plaintiff's appointment earlier. But since he was following Dr. Bharmota's instructions and since his conduct exhibited poor judgment at worst, there was no element of deliberateness present.
 
 
 12
 Dr. Bharmota examined plaintiff and decided, correctly or not, that his injury was not an emergency. (JA at 165) Instead, Dr. Bharmota decided that plaintiff's treatment should include observation, x-rays and analgesics. Dr. Bharmota did not check the 'emergency' box on the consultation form because he did not believe there was an emergency. (JA at 165) Dr. Bharmota made the operative decision that plaintiff's injury was routine. Defendant was entitled to rely on Dr. Bharmota's judgment and did so. Schmidt v. Wingo, 499 F.2d 70, 73-74 (6th Cir. 1974). Defendant had no independent reason to believe that plaintiff's case was an emergency. The record does not suggest that plaintiff was in a life threatening situation. Nothing in defendant's experience, as a hospital administrator or a navy corpsman, suggested that there was an emergency. Only later, after being examined by Dr. LaCourt, a specialist in oral surgery, was it first learned that plaintiff needed immediate surgery. Nothing in defendant's conduct shows wanton infliction of pain on plaintiff, or a wanton denial or delay of treatment. Therefore, defendant's conduct does not show deliberate indifference to plaintiff's serious medical needs.
 
 
 13
 Since the judgment for plaintiff is reversed, we need not address the issue of the reasonableness of the attorney's fees.
 
 
 14
 Accordingly, the District Court judgment is reversed.